# EXHIBIT A

FORWARDED BY THE
CITY CLERK TO THE

SEP − 2 2021

LAW DEPARTMENT

# Commonwealth of Massachusetts

SUFFOLK, SS.

Shirley A. Goode
and Sean Goode, PLAINTIFF(S),

v.

Daniel Smith and
City of Boston, DEFENDANT(S)

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2184CV01507

CC458862

2021 SEP −2 A 10: 18
BOSTON, Mass.

RECEIVED
CITY CLERK'S OFFICE

## SUMMONS

THIS SUMMONS IS DIRECTED TO **City of Boston**. (Defendant's name)

<u>You are being sued.</u>   The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the **Suffolk Superior** Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  <u>You must respond to this lawsuit in writing within 20 days.</u> If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a.  Filing your **signed original** response with the Clerk's Office for Civil Business, **Suffolk** Court, _____ (address), by mail or in person, **AND**

    b.  Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: **81 Hartwell Ave, Suite 101, Lexington MA 02421**

3.  **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

A true copy Attest:
8-18-21  Deputy Sheriff Suffolk County

LAW DEPT '21 SEP 2 PM12:03

## COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, SS**

**Massachusetts Trial Court**
**Superior Court Department**
**Suffolk Division**

|  |  |  |
|---|---|---|
| **SHIRLEY A. GOODE AND SEAN GOODE,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | **NO.** |
| | ) | |
| **DANIEL SMITH and CITY OF BOSTON** | ) | E-FILED 7/2/2021 |
| | ) | |
| **Defendants** | ) | LL |
| | ) | |

## <u>VERIFIED COMPLAINT</u>

### PARTIES

1. Plaintiff, Shirley A. Goode ("Shirley"), is an individual who resides at 73 Fayston Street Dorchester, MA 02121.

2. Plaintiff, Sean Goode ("Sean") is an individual who resides at 73 Fayston Street Dorchester, MA 02121

3. At all times relevant, the Defendant, Daniel Smith ("Officer Smith"), has been a Police Officer employed by the City of Boston. Officer Smith's conduct and actions as set forth herein were taken under the color of the laws of the Commonwealth of Massachusetts and in the course and scope of his employment with the City. The claims being brought against Officer Smith are in his individual capacity.

4. Defendant, City of Boston (hereinafter "City") is a municipal corporation existing under the laws of the Commonwealth of Massachusetts.

## JURISDICTION

5. This Court has jurisdiction pursuant to G.L. c. 258 § 3.

## COMPLIANCE WITH PRE-SUIT CLAIM REQUIREMENTS

6. Pursuant to G.L. c. 258 § 4, a presentment of claims against the City of Boston was made by certified mail signed return receipt requested on June 19, 2020 on Police Commissioner William Gross, Officer Daniel Smith, Mayor Marty Walsh and Erika Reis, Esq.

## FACTS

7. On July 4, 2018 Officer Smith was on employed as a police officer for the City of Boston.

8. At all relevant times, On July 4, 2018 Officer Smith was on official duty as a police officer employed for the City of Boston.

9. On July 4, 2018 at approximately 10:30 p.m., Officer Smith reported to the intersection of Dunkeld Street and Fayston Street.

10. When Officer Smith arrived at the intersection of Dunkeld Street and Fayston Street, the police cruiser he arrived in parked in front of 72 Fayston Street.

11. While Officer Smith was outside his police cruiser at the corner of Dunkeld Street and Fayston Street, Plaintiffs dog (hereinafter "Chyna") wondered out the front door and out the front gate for the property located at 73 Fayston Street.

12. When Chyna wondered outside of the front door of the 73 Fayston Street property, Shirely began saying "Chyna come here girl" while other people were also calling Chyna's name.

13. After Chyna wondered out the front gate, Chyna then wondered in the direction of Officer Smith and other police officers.

2

14. When Chyna was within a few feet of Officer Smith, Chyna stopped in front of Officer Smith and was wagging her hair.

15. Prior to and without attempting any non-lethal actions to secure Chyna, Officer Smith unjustifiably shot Chyna three times with his department issued firearm.

16. Chyna died as a result of the being shot by Officer Smith.

17. Chyna had no prior history of aggressive behavior.

18. At all times relevant, Chyna did not attempt bite Officer Smith or any other person.

19. Officer Smith made no attempt to use non-lethal means or less drastic means to secure Chyna.

20. Plaintiffs' pet dog was never found to be a dangerous dog pursuant to City of Boston Municipal Ordinance 16-1.9B.2.

21. On June 19, 2020 pursuant to G.L. c. 258 § 4 of the Massachusetts Torts Claim Act, a presentment letter (attached hereto as Exhibit A) was mailed by certified mail signed return receipt requested to:

    a. Police Commissioner William Gross City of Boston: Boston Police Department 1 Schroeder Plaza Boston, MA 02120;

    b. Officer Daniel Smith Boston Police Department 1 Schroeder Plaza Boston, MA 02120;

    c. Mayor Marty Walsh City of Boston 1 City Hall Square, Suite 500 Boston, MA 02201; and

    d. Erika Reis, Esq. City of Boston: Law Department 1 City Hall Square, Suite 615 Boston, MA 02201.

3

22. Upon information and belief, there is video surveillance footage capuring Officer Smith shooting Chyna.

## COUNT I
## UNJUSTIFIED SIEZURE AND DESTRUCTION (§ 42 U.S.C. 1983)
## (DANIEL SMITH)

23. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 22 of the Complaint as if stated herein.

24. Officer Smith was on duty as a police officer for the City of Boston and acting under the color of law and the authority of the Commonwealth of Massachusetts and the City of Boston.

25. Officer Smith deprived Plaintiffs of their constitutional right to property protected by the Fourth and Fourteenth Amendments of the United States Constitution without due process of law by unreasonably seizing (shooting and killing) Plaintiffs' pet dog.

26. Officer Smith's act of killing Plaintiffs' pet dog while on official duty constitutes a seizure under the Fourth Amendment.

27. Officer Smith's seizure of Plaintiffs' pet dog was objectively unreasonable.

28. Officer Smith's conduct proximately caused Plaintiffs' damages including by not limited to the total destruction and deprivation of Plaintiffs' property.

29. As a result of such conduct, Officer Smith deprived Plaintiffs of their clearly established and well –settled rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

## COUNT II
## DAMAGES FOR KILLING DOG PURSUANT TO G.L. C. 272 § 85A
## (DANIEL SMITH)

4

30. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 29 of the Complaint as if stated herein.

31. Officer Smith, wrongfully and unlawfully intended to kill Chyna by shooting the dog three times with his department issued firearm.

32. Pursuant to G.L. c. § 85A, Officer Smith is liable in tort to Plaintiffs for three times the value of the dog.

33. Plaintiff's injuries are continuous and ongoing.

## COUNT III
## NEGLIGENCE PURSUANT TO THE MASSACHUSETTS TORTS CLAIM ACT
## (CITY OF BOSTON)

34. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 33 of the Complaint as if stated herein.

35. The individual Defendant, acting in the course and scope of his employment, owed a duty of care to Plaintiffs to not unreasonably destroy Plaintiffs' property by shooting and killing Plaintiff's pet dog.

36. The individual Defendant breached their duty of care to Plaintiffs by discharging his firearm and killing Plaintiffs' pet dog when less drastic means were available to secure Plaintiffs' dog.

37. The individual Defendant discharged his firearm excessively and carelessly under the circumstances and otherwise not justified under Boston Police Department Rule 303.

38. As a proximate result of the individual Defendant's negligence, Plaintiffs were permanently deprived of their property.

39. The City is liable for Plaintiffs' property damages caused by the negligent or wrongful act of the individual Defendant whose conduct alleged occurred within the course and scope of his employment.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (DANIEL SMITH)

40. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 41 of the Complaint as if stated herein.

41. Officer Smith intended to inflict emotion distress or knew, or should have known, that emotional distress was the likely result of his conduct.

42. Officer Smith's conduct was extreme and outrageous, beyond all possible bounds of decency, and was utterly intolerable in a civilized community.

43. Officer Smith's actions were the cause of Plaintiffs' distress.

44. The emotional distress sustained by the Plaintiffs was severe and of a nature that no reasonable man could be expected to endure it.

## COUNT V
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## (CITY OF BOSTON)

45. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 41 of the Complaint as if stated herein.

46. The individual Defendant, acting in the course and scope of his employment, owed a duty of care to Plaintiffs to not unreasonably destroy Plaintiffs' property by shooting and killing Plaintiff's pet dog.

47. The individual Defendant breached their duty of care to Plaintiffs by discharging his firearm and killing Plaintiffs' pet dog when less drastic means were available to secure Plaintiffs' dog.

48. The individual Defendant discharged his firearm excessively and carelessly under the circumstances and otherwise not justified under Boston Police Department Rule 303.

49. As a proximate result of the individual Defendant's negligence, Plaintiff (Shirley Goode) sustained emotional distress that included a physical harm manifested by objective symptomatology as she now suffers from mental health issues that were proximately caused by witnessing Officer Smith shooting and killing her pet dog.

50. A reasonable person would suffer emotional distress under the circumstances of witnessing their dog be shot and killed.

51. Shirley Goode's injury and medical treatment is continuous and ongoing.

WHEREFORE, the Plaintiff requests that this Honorable Court:

1. Award damages to the Plaintiffs;

2. Award Plaintiffs double or treble damages, costs and attorney fees;

3. Award Plaintiffs all prejudgment interest and post judgment interest in the amount of 12% per annum as allowable under the laws of the Commonwealth of Massachusetts.

4. Grant any other relief that the Court deems just and proper.

## JURY TRIAL DEMAND

The Plaintiffs respectfully demands a trial by jury on all counts of the complaint.

Respectfully submitted,
By the Plaintiffs

7

Sean Goode and Shirley A. Goode

Daryl Abbas, Esq. B.B.O. # 676080
Upper Charles Law Group, LLC
81 Hartwell Avenue, Suite 101
Lexington, MA 02421
(617) 600 – 7150
dabbas@uclawgroup.com

Dated: June 30, 2021

8

## <u>VERIFICATION</u>

I, Shirley Goode, hereby say and depose that I have read the foregoing Verified Complaint and hereby verify that the factual allegations set forth in the Verified Complaint are true and correct of my own personal knowledge.

_____
Shirley Goode
Plaintiff

Dated: 6/30/21

I, Sean Goode, hereby say and depose that I have read the foregoing Verified Complaint and hereby verify that the factual allegations set forth in the Verified Complaint are true and correct of my own personal knowledge.

_____
Sean Goode
Plaintiff

Dated: 6/30/21

9

# Exhibit A

Daryl Abbas, Esq.
Joseph Comenzo, Esq.
Timothy Fallon, Esq.
John Koury, Esq.
Timothy Rodden, Jr. Esq.

10 Kearney Road
Suite 101
Needham, MA
P| 617.600.7150
F| 603.328.5976

UCLawGroup.com



## UPPER CHARLES
— LAW GROUP —

Daryl Abbas
617.600.7140
dabbas@uclawgroup.com

June 19, 2020

**By Certified Mail No. 7018 0360 0000 9153 1671 Signed Return Receipt**
Attn: Police Commissioner William Gross
City of Boston: Boston Police Department
1 Schroeder Plaza
Boston, MA 02120

Re:     Notice pursuant to Massachusetts Torts Claim Act / G. L. c. 258 §4
        Shirley A. Goode and Sean Goode v. City of Boston
        Date of Loss: July 4, 2018

Dear Commissioner Gross:

Please be advised that our firm represents Shirley A. Goode and Sean Goode relative to claims against the City of Boston, Officer Daniel E. Smith (Officer Smith) the other Police Officers present (Officer Michael Taylor, Officer Quion T. Riley, Jr., Officer Clifford Davis, Officer Anthony Williams and Officer James Girldo (hereinafter "Police Officers")). In compliance with the presentment requirements under the Massachusetts Torts Claim Act / G.L. c. 258, notice is hereby given of a claim for personal injuries and loss of property sustained by Shirley Goode and Sean Goode that was proximately caused by the negligent conduct of the City of Boston and/or its officers including Officer Smith.

## NAME AND ADDRESS OF INJURED PERSON

Name:          Shirley A. Goode and Sean Goode
Address:       73 Fayston Street Dorchester, MA 02121

## DATE AND TIME OF INJURY

July 4, 2018 at approximately 10:30 pm.

## PLACE OF INJURY AND DAMAGES

73 Fayston Street Dorchester, MA 02121.

Daryl Abbas, Esq.
Joseph Comenzo, Esq.
Timothy Fallon, Esq.
John Koury, Esq.
Timothy Rodden, Jr. Esq.

10 Kearney Road
Suite 101
Needham, MA
P| 617.600.7150
F| 603.328.5976

UCLawGroup.com



Daryl Abbas
617.600.7140
dabbas@uclawgroup.com

## INJURIES, DAMAGES AND THEORY OF LIABILITY

1. <u>Negligent and/or Wrongful Acts Relating to Loss Of Property And Personal Injuries</u>

On July 4, 2018 at approximately 6:40 pm Boston Police Officers arrived in the area of 73 Fayston Street investigating an alleged crime not involving Shirley or her son Sean. Officers left the area of Fayston Street and subsequently returned to Fayston Street around 10:30 pm due to a report additional evidence becoming available relating to the earlier incident.

Sean and Shirley's 8-year-old dog named Chyna, with no history of aggression or biting, escaped from its owner's property at 73 Fayston Street and walked into the street in Officer Smith's direction who was on the other side of the road from 73 Fayston Street. While Shirley was calling for her dog to return back to her yard, despite the dog never attacking Officer Smith or anyone other person, Officer Smith utilized deadly force and discharged his standard issued firearm three time killing Shirley's dog in front of her.

a. <u>Negligence</u>

Massachusetts law, the elements of negligence are (1) the owed a duty to plaintiff of reasonable care; (2) the negligent party breached that duty; (3) damage resulted; and (4) the negligent party's breach caused that damage. In addition, under Massachusetts law, a determination whether negligent conduct is the proximate cause of an injury depends on whether the injury to the plaintiff was a foreseeable result of the defendant's negligent conduct.

Officer Smith, the Police Officers and the City of Boston is liable to under a common law negligence theory because Officer Smith and the City of Boston owed a duty to Ms. Goode, Officer Smith and the City of Boston breached its duty owed to Ms. Goode which was the proximate cause of Ms. Goode's damages to her property and injuries. In addition, Officer Smith and the City of Boston are liable pursuant to the Massachusetts Torts Claim Act. The Massachusetts Tort Claims Act provides that "[p]ublic employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment." G.L. c. 258, § 2. The Massachusetts Torts Claim Act specifically creates a system where public employers are liable if a plaintiff suffers harm "originally caused by the public employer or any other person acting on behalf of the public employer." G.L. c. 258, § 10(j).

b. <u>Negligent Training and Supervision</u>

The City of Boston is liable for its negligent training and supervision of Officer Smith and the other Police Officers present during this incident. Under Massachusetts law, a municipality is liable for supervisory negligence for failing to prevent torts committed by its individual employees.

Daryl Abbas, Esq.
Joseph Comenzo, Esq.
Timothy Fallon, Esq.
John Koury, Esq.
Timothy Rodden, Jr. Esq.

10 Kearney Road
Suite 101
Needham, MA
P| 617.600.7150
F| 603.328.5976

UCLawGroup.com



UPPER CHARLES
— LAW GROUP —

Daryl Abbas
617.600.7140
dabbas@uclawgroup.com

Massachusetts courts have allowed supervisory negligence claims against municipalities when the municipality knew or should have known about an underlying, identifiable tort which was committed by specific public employees.

City of Boston Police Officers who were present during the incident reaffirmed Officer Smith's negligent conduct in using deadly force in the close proximately of approximately 80 civilians to kill Shirley and Sean's dog. This is evident of the City of Boston's failure to properly train and/or supervise Officer Smith and its Police Officers to handle situations when a dog and/or domesticated animal is approaching them or how to determine if an animal poses a threat. (This also amounts to a policy, custom and/or usage of the City of Boston that is causally related to Ms. Goode's injuries and damages under 42 U.S.C. § 1983 / Federal Civil Rights Act.  See Boston Police Department Rule 303 sec. 6(a))

Furthermore, Officer Smith and Officer Davis were not equipped with non-lethal force such a pepper spray or stun gun. Had Officer Smith and Officer Davis been carrying non-lethal force, Officer Smith could have utilized less extreme measures rather than shooting and killing Sean and Shirley's dog by discharging his firearm 3 times with approximately 80 civilians close by.

The City of Boston knew or should have known that its officers were not carrying non-lethal force on a regular basis. As such, the City of Boston's failure to supervise its officers proximality caused damages to Sean and Shirley's property. Furthermore, Shirley sustained injuries arising out of the trauma and distress of witnessing her dog shot in killed.

c.  <u>Negligent Infliction of Emotional Distress</u>

Negligent Infliction of Emotion Distress occurs when there is (1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomatology; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case. For the reasons stated above, the City of Boston and Officer Smith (as well as the other Police Officers present at the scene) are liable for Negligent Infliction of Emotional Distress.

It was a very traumatic experience for Shirley to witness the negligent shooting and killing of her dog. To deal with the grief and depression, Ms. Goode sought therapy and is suffering from post-traumatic stress. Shirley's injuries are continuous and ongoing.

In addition, Sean has suffered from grief and emotional distress to losing his family's dog that he has grown to love for the past 8 years.

d.  <u>Joint and Several Liability</u>

Officer Michael Taylor, Officer Quion T. Riley Jr., Officer Clifford Davis, Officer Anthony Williams and Officer Giraldo are liable as joint tortfeasors for failing to intervene and

Daryl Abbas, Esq.
Joseph Comenzo, Esq.
Timothy Fallon, Esq.
John Koury, Esq.
Timothy Rodden, Jr. Esq.

10 Kearney Road
Suite 101
Needham, MA
P| 617.600.7150
F| 603.328.5976

UCLawGroup.com



**UPPER CHARLES**
— LAW GROUP —

Daryl Abbas
617.600.7140
dabbas@uclawgroup.com

prevent Officer Smith and the City of Boston's negligent acts and to prevent the unprivileged and unconstitutional deprivation of Sean and Shirley's property. The above-named Police Officers, in addition to the City of Boston's Police Commissioner, have all reaffirmed Officer Smith's conduct. Therefore, the Police Officers' failure to act was intentional and is a further byproduct of the City of Boston's negligent training and supervision due in part to relying on its own policies and customs.

As such, the Police Officers' negligent conduct contributed to Sean and Shirley's property damages and personal injuries.

   2.   <u>Liability under 42 U.S.C. §§ 1983 and 1988</u>

Officer Smith and the City of Boston are liable under 42 U.S.C. §§ 1983 and 1988 because Officer Smith and the City of Boston violated Sean and Shirley's constitutional rights while acting under the color of the law.

Under the Fourteenth Amendment, a state may not deprive a citizen of their property without affording the individual due process of law. Usually, the process that is constitutionally "due" must be afforded before the deprivation occurs -- the state must provide pre-deprivation process. Sean and Shirley has been deprived of their property and was not afforded their constitutional right to due process. In addition, Officer Smith, the Police Officers and the City of Boston failed to follow the procedures under G.L. c. 140 § 157 nor was Sean and Shirley's dog deemed dangerous under City of Boston Municipal Code § 16-1.9B.2. (It should be noted that the Sean and Shirley's dog had no history of being aggression or biting.)

Furthermore, Officer Daniel Smith  (and the other Police Officers present) are liable in their individual and official capacity, because while on duty and acting under the color of the law, violated Sean and Shirley's Fourth and Fourteenth Amendment Constitutional rights. The killing of a person's pet dog or cat by the government without the person's consent is a seizure within the meaning of the Fourth Amendment. In the context of police shooting pets, there are three prongs which must be satisfied in order for a pet owner to bring a Section 1983 claim: (1) law enforcement acted in an official state capacity; (2) the act constituted a seizure; and (3) the seizure was objectively unreasonable. A "seizure" of property occurs, within the meaning of the Fourth Amendment, when "there is some meaningful interference with an individual's possessory interests in that property." The destruction of property is "meaningful interference" constituting a seizure under the Fourth Amendment because the destruction of property by state officials poses as much of a threat, if not more, to people's right to be secure in their effects as compared to the physical taking of property.

Clearly, Officer Smith shooting and killing Sean and Shirley's dog amounts to a seizure under the Fourth Amendment.

By the City of Boston finding Officer Smith and its Police Officers' conduct appropriate, the City of Boston is liable because its policies, customs and/or practices caused Sean and Shirley's

Daryl Abbas, Esq.
Joseph Comenzo, Esq.
Timothy Fallon, Esq.
John Koury, Esq.
Timothy Rodden, Jr. Esq.

10 Kearney Road
Suite 101
Needham, MA
P| 617.600.7150
F| 603.328.5976

UCLawGroup.com

Daryl Abbas
617.600.7140
dabbas@uclawgroup.com



**UPPER CHARLES**
— LAW GROUP —

constitutional deprivations of their property. The policy the City of Boston is relying to justify its conduct was officials adopted and promulgated by the City of Boston and the practice and/or custom is wide spread and well settled within the entity.

In addition, the City of Boston is liable under §§1983 and 1988 for failing to adequately train and supervise its Police Officers including Officer Smith of how to handle situations where a domesticated house pet has gotten loose in order to avoid the use of deadly force and killing people's domesticated house pets. The City of Boston's failure to adequately train Officer Smith proximately caused Sean and Shirley to be deprived to their constitutional rights and property interests. The subordinate's misconduct occurred at the City of Boston's direction and/or with the City of Boston's knowledge and consent. In addition, the City of Boston knew of its subordinate's misconduct and facilitated, approved, condoned, or turned a blind eye toward it.

For all claims under the Federal Civil Rights Act, Sean Goode and Shirley Goode may recover legal fees and litigation expenses in addition to damages arising from her personal injuries and loss of property.

### 3.   Liability under G.L. c. 12  §§ 11H, 11I

Massachusetts law states that "[w]henever any person or persons, whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth…" G.L. c. 12 § 11H. Section 11I of c. 12 creates a private right of action the Massachusetts Civil Rights Act.

Officer Smith discharging his firearm three times and as a result, killing Sean Goode and Shirley Goode's dog amounts to threats and intimidation under the Massachusetts Civil Rights Act and otherwise amounts to an unconstitutional deprivation of the use and enjoyment of their property.

## <u>CONCLUSION</u>

Sean Goode and Shirley Goode demands compensation for the damages caused by the negligent and wrongful acts and omissions of the City of Boston and the Boston Police Department, its officers, agents, and/or employees. Pursuant to the provisions of the General Laws, chapter 258, § 4, the City of Boston, Officer Smith, Officer Michael Taylor, Officer Quion T. Riley Jr., Officer Clifford Davis, Officer Anthony Williams and Officer Giraldo have six months to accept or deny the claims of my clients before a civil action is filed.

Sincerely,



Daryl Abbas, Esq.
Joseph Comenzo, Esq.
Timothy Fallon, Esq.
John Koury, Esq.
Timothy Rodden, Jr. Esq.

10 Kearney Road
Suite 101
Needham, MA
P| 617.600.7150
F| 603.328.5976

UCLawGroup.com

## UPPER CHARLES
### — LAW GROUP —

Daryl Abbas
617.600.7140
dabbas@uclawgroup.com

Daryl Abbas, Esq.

cc

**By Certified Mail No. 7018 0360 0000 9153 1695 Signed Return Receipt**
Attn: Officer Daniel Smith
Boston Police Department
1 Schroeder Plaza
Boston, MA 02120

**By Certified Mail No. 7018 0360 0000 9153 1688 Signed Return Receipt**
Attn: Mayor Marty Walsh
City of Boston
1 City Hall Square, Suite 500
Boston, MA 02201-2013
mayor@boston.gov

**By Certified Mail No. 7018 0360 0000 9153 1701 Signed Return Receipt**
Attn: Erika Reis, Esq.
City of Boston: Law Department
1 City Hall Square, Suite 615
Boston, MA 02201

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY Suffolk Superior Court (Boston) |

| Plaintiff | Shirley A. Goode and Sean Goode | Defendant: | City of Boston and Daniel Smith |
|---|---|---|---|
| ADDRESS: | 73 Fayston Street | ADDRESS: | 1 City Hall Square |
| | Dorchester, MA 02121 | | Boston, MA 02201 |
| | | | |
| Plaintiff Attorney: | Daryl Abbas | Defendant Attorney: | |
| ADDRESS: | Upper Charles Law, Group | ADDRESS: | |
| | 81 Hartwell Avenue, Suite 101 | | |
| | Lexington, MA 02421 | | |
| BBO: | 676080 | BBO: | |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| AB1 | Tortious Action involving City of Boston | A | ☒ YES   ☐ NO |

*If "Other" please describe: _____

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☐ YES   ☒ NO | ☐ YES   ☒ NO |

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date

    1. Total hospital expenses _____

    2. Total doctor expenses _____ $2,000.00

    3. Total chiropractic expenses _____

    4. Total physical therapy expenses _____

    5. Total other expenses (describe below) _____

        Subtotal (1-5): $2,000.00

B. Documented lost wages and compensation to date _____

C. Documented property damages to date _____ $100,000.00

D. Reasonably anticipated future medical and hospital expenses _____

E. Reasonably anticipated lost wages _____

F. Other documented items of damages (describe below) _____

Pet dog was shot and killed by Defendants.

        TOTAL (A-F): $102,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Pet dog was shot and killed by Defendants. The incident was witnessed by Shirley A. Goode who is suffering from Post Traumatic Stress as a result.

**CONTRACT CLAIMS**

☒ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X _____ Date: 07/02/2021

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X _____ Date: _____

## CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

AA1 Contract Action involving Commonwealth,
Municipality, MBTA, etc.                          (A)
AB1 Tortious Action involving Commonwealth,
Municipality, MBTA, etc.                          (A)
AC1 Real Property Action involving
Commonwealth, Municipality, MBTA etc. (A)
AD1 Equity Action involving Commonwealth,
Municipality, MBTA, etc.                          (A)
AE1 Administrative Action involving
Commonwealth, Municipality, MBTA, etc. (A)

### CN Contract/Business Cases

A01 Services, Labor, and Materials               (F)
A02 Goods Sold and Delivered                     (F)
A03 Commercial Paper                             (F)
A04 Employment Contract                          (F)
A05 Consumer Revolving Credit - M.R.C.P. 8.1     (F)
A06 Insurance Contract                           (F)
A08 Sale or Lease of Real Estate                 (F)
A12 Construction Dispute                         (A)
A14 Interpleader                                 (F)
BA1 Governance, Conduct, Internal
Affairs of Entities                          (A)
BA3 Liability of Shareholders, Directors,
Officers, Partners, etc.                     (A)
BB1 Shareholder Derivative                       (A)
BB2 Securities Transactions                      (A)
BC1 Mergers, Consolidations, Sales of
Assets, Issuance of Debt, Equity, etc.       (A)
BD1 Intellectual Property                        (A)
BD2 Proprietary Information or Trade
Secrets                                      (A)
BG1 Financial Institutions/Funds                 (A)
BH1 Violation of Antitrust or Trade
Regulation Laws                              (A)
A99 Other Contract/Business Action - Specify (F)

* Choose this case type if ANY party is the
Commonwealth, a municipality, the MBTA, or any
other governmental entity UNLESS your case is a
case type listed under Administrative Civil Actions
(AA).

† Choose this case type if ANY party is an
incarcerated party, UNLESS your case is a case
type listed under Administrative Civil Actions (AA)
or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

D01 Specific Performance of a Contract      (A)
D02 Reach and Apply                         (F)
D03 Injunction                              (F)
D04 Reform/ Cancel Instrument               (F)
D05 Equitable Replevin                      (F)
D06 Contribution or Indemnification         (F)
D07 Imposition of a Trust                   (A)
D08 Minority Shareholder's Suit             (A)
D09 Interference in Contractual Relationship (F)
D10 Accounting                              (A)
D11 Enforcement of Restrictive Covenant     (F)
D12 Dissolution of a Partnership            (F)
D13 Declaratory Judgment, G.L. c. 231A      (A)
D14 Dissolution of a Corporation            (F)
D99 Other Equity Action                     (F)

### PA Civil Actions Involving Incarcerated Party †

PA1 Contract Action involving an
Incarcerated Party                      (A)
PB1 Tortious Action involving an
Incarcerated Party                      (A)
PC1 Real Property Action involving an
Incarcerated Party                      (F)
PD1 Equity Action involving an
Incarcerated Party                      (F)
PE1 Administrative Action involving an
Incarcerated Party                      (F)

### TR Torts

B03 Motor Vehicle Negligence - Personal
Injury/Property Damage                  (F)
B04 Other Negligence - Personal
Injury/Property Damage                  (F)
B05 Products Liability                      (A)
B06 Malpractice - Medical                   (A)
B07 Malpractice - Other                     (A)
B08 Wrongful Death - Non-medical            (A)
B15 Defamation                              (A)
B19 Asbestos                                (A)
B20 Personal Injury - Slip & Fall           (F)
B21 Environmental                           (F)
B22 Employment Discrimination               (F)
BE1 Fraud, Business Torts, etc.             (A)
B99 Other Tortious Action                   (F)

### RP Summary Process (Real Property)

S01 Summary Process - Residential           (X)
S02 Summary Process - Commercial/
Non-residential                         (F)

### RP Real Property

C01 Land Taking                             (F)
C02 Zoning Appeal, G.L. c. 40A              (F)
C03 Dispute Concerning Title                (F)
C04 Foreclosure of a Mortgage               (X)
C05 Condominium Lien & Charges              (X)
C99 Other Real Property Action              (F)

### MC Miscellaneous Civil Actions

E18 Foreign Discovery Proceeding            (X)
E97 Prisoner Habeas Corpus                  (X)
E22 Lottery Assignment, G.L. c. 10, § 28    (X)

### AB Abuse/Harassment Prevention

E15 Abuse Prevention Petition, G.L. c. 209A (X)
E21 Protection from Harassment, G.L. c. 258E(X)

### AA Administrative Civil Actions

E02 Appeal from Administrative Agency,
G.L. c. 30A                             (X)
E03 Certiorari Action, G.L. c. 249, § 4     (X)
E05 Confirmation of Arbitration Awards      (X)
E06 Mass Antitrust Act, G.L. c. 93, § 9     (A)
E07 Mass Antitrust Act, G.L. c. 93, § 8     (X)
E08 Appointment of a Receiver               (X)
E09 Construction Surety Bond, G.L. c. 149,
§§ 29, 29A                              (A)
E10 Summary Process Appeal                  (X)
E11 Worker's Compensation                   (X)
E16 Auto Surcharge Appeal                   (X)
E17 Civil Rights Act, G.L. c.12, § 11H      (A)
E24 Appeal from District Court
Commitment, G.L. c.123, § 9(b)          (X)
E25 Pleural Registry (Asbestos cases)
E94 Forfeiture, G.L. c. 265, § 56           (X)
E95 Forfeiture, G.L. c. 94C, § 47           (F)
E99 Other Administrative Action             (X)
Z01 Medical Malpractice - Tribunal only,
G.L. c. 231, § 60B                      (F)
Z02 Appeal Bond Denial                      (X)

### SO Sex Offender Review

E12 SDP Commitment, G.L. c. 123A, § 12      (X)
E14 SDP Petition, G.L. c. 123A, § 9(b)      (X)

### RC Restricted Civil Actions

E19 Sex Offender Registry, G.L. c. 6, § 178M (X)
E27 Minor Seeking Consent, G.L. c.112, § 12S(X)

## TRANSFER YOUR SELECTION TO THE FACE SHEET

EXAMPLE:

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF -** The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT -** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2184CV01507 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Goode, Shirley et al vs. City Of Boston et al | Michael Joseph Donovan, Clerk of Court |
|---|---|

| TO: Daryl Abbas, Esq. Upper Charles Law Group, LLC 81 Hartwell Ave Suite 101 Lexington, MA 02421 | COURT NAME & ADDRESS Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 |
|---|---|

## TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                    DEADLINE

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court |  | 09/30/2021 |  |
| Response to the complaint filed (also see MRCP 12) |  | 11/01/2021 |  |
| All motions under MRCP 12, 19, and 20 | 10/30/2021 | 11/29/2021 | 12/29/2021 |
| All motions under MRCP 15 | 08/26/2022 | 09/26/2022 | 09/26/2022 |
| All discovery requests **and depositions** served and non-expert depositions completed | 06/22/2023 |  |  |
| All motions under MRCP 56 | 07/24/2023 | 08/21/2023 |  |
| Final pre-trial conference held and/or firm trial date set |  |  | 12/19/2023 |
| Case shall be resolved and judgment shall issue by |  |  | 07/01/2024 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 07/02/2021 | ASSISTANT CLERK Timothy C Walsh | PHONE (617)788-8121 |
|---|---|---|

Date/Time Printed: 07-02-2021 12:04:22                                                                 SCV026\ 08/2018