UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-11457-GAO

SHIRLEY A. GOODE and SEAN GOODE,
Plaintiffs,

v.

DANIEL SMITH and CITY OF BOSTON,
Defendants.

ORDER
March 21, 2023

O'TOOLE, D.J.

The plaintiffs Shirley and Sean Goode have brought two claims against the City of Boston: negligence under the Massachusetts Tort Claims Act and negligent infliction of emotional distress. Boston moves to dismiss. The motion is granted.

Under the Massachusetts Tort Claims Act, "[p]ublic employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office." Mass. Gen. Laws ch. 258, § 2. The Act does not apply to "any claim arising out of an intentional tort." Id. § 10(c); FBT Everett Realty, LLC v. Mass. Gaming Comm'n, 187 N.E.3d 373, 389 (Mass. 2022) ("Public employers remain immune from intentional tort claims.") (quoting Spring v. Geriatric Auth. of Holyoke, 475 N.E.2d 727, 734 (Mass. 1985)). "[N]ormally, a claim for excessive force is a claim alleging intentional conduct." Patino v. City of Revere, No. 13-11114-FDS, 2014 WL 202760, at *10 (D. Mass. Jan. 16, 2014).

In other counts in the complaint, the Goodes allege intentional conduct by Boston Police Officer Smith, an employee of the City. (Compl. ¶ 31 ("Officer Smith, wrongfully and unlawfully

intended to kill Chyna by shooting the dog three times with his department issued firearm.") (dkt. no. 1-1).) They therefore "cannot seek to hold the City vicariously liable for an employee's intentional conduct by summarily relabeling it as negligent." See Milcent v. Boston, No. 14-cv-13347-GAO, 2016 WL 845303, at *1, 4 (D. Mass. Feb. 29, 2016) (dismissing negligence claim against Boston where police officers "forcibly removed" plaintiff from his car and "assaulted him, causing injury to his face"). Their negligent infliction of emotional distress claim fails for the same reason: they do not allege that Officer Smith acted negligently in shooting the dog, but rather that he acted intentionally. The complaint fails to allege a viable claim against Boston.

The City's Motion to Dismiss (dkt. no. 8) is GRANTED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge