UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHIRLEY A. GOODE and SEAN GOODE, | ) )  ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No.1:21-CV-11457-DJC ) |
| DANIEL SMITH and CITY OF BOSTON[1] | ) ) ) |
| Defendants. | ) ) |

**JOINT PRE-TRIAL MEMORANDUM**

Plaintiffs, Shirley A. Goode and Sean Goode ("Plaintiffs") and the Defendant, Daniel Smith ("Defendant" or "Officer Smith") hereby responds to the Court's January 2, 2024 order to provide a joint pre-trial memorandum pursuant to Local Rule 16.5(d). (ECF No. 59).

(1) Summary of the evidence

   a. **Plaintiffs**

Plaintiffs expect to introduce evidence that shows that on the night of July 4, 2018, the Defendant, Officer Smith shot and killed Plaintiffs' dog without any legal justification. Plaintiffs' dog did not pose any imminent threat to Officer Smith and was standing in place when he removed his firearm from his holster and intentionally began shooting Plaintiffs' dog. Plaintiffs' will introduce evidence that Defendant's use of deadly force was a violation of Plaintiffs' constitutional rights and was inconsistent with the rules set forth by the City of Boston. deadly force. Plaintiffs' expects the evidence will show that Officer Smith has conflicting accounts of what occurred on

---

[1] This Court dismissed Plaintiffs' Complaint against the City of Boston on March 21, 2023 leaving only three remaining claims against Officer Smith (42 U.S.C. 1983 claim; Damages for Killing Dog pursuant to M. G. L. c. 272 §85A; and intentional infliction of emotional distress claim (Counts 1, 2, and 4 of Plaintiffs' Complaint)). (See ECF No. 31.)

the night of July 4, 2018 when the three other police officers present did not report that Plaintiffs' dog lunged or attempted to bite Officer Smith. Plaintiffs expects the evidence will show that reports prepared by and signed by Officer Smith admittedly contain inaccurate information regarding the incident that occurred on July 4, 2018. As a result of the incident, Shirley A. Goode has suffered substantial emotional distress as she witnesses her dog being shot and killed.

    **b. Defendant**

Officer Smith expects the evidence to show that on the night of July 4, 2018, Plaintiffs' pet pit bull charged at him on the street while he was responding to a separate crime scene. When Plaintiffs' pet pit bull aggressively approached Officer Smith, he made the split-second decision to defend himself by shooting the pit bull three times, ultimately resulting in the dog's death. Officer Smith expects the evidence to show that he defended himself from what he thought was an imminent threat that was going to result in either him or someone else getting attacked by the pit bull.

(2) <u>Uncontested issues of fact established by pleadings or by stipulation or admission.</u>

It is uncontested that Defendant Officer Smith shot Plaintiffs' pet pit bull on July 4, 2018.

(3) <u>Contested Issues of Fact</u>

All other facts are contested.

(4) <u>Jurisdictional Issues</u>

The Court has jurisdiction over the federal claim and supplemental jurisdiction over the state law claims.

(5) <u>Questions Raised by Pending Motions</u>

    **a. Plaintiffs**

Plaintiffs have no motions pending before the Court. Plaintiffs anticipate filings motions *in limine* raising evidentiary issues relating to precluding testimony and/or exhibits.

    **b. Defendant**

There are no pending motions at this time. Defendant Smith expects to file motions *in limine* raising evidentiary issues. A timeline for motions *in limine* is proposed below.

(6) <u>Issues of Law, including evidentiary questions, together with supporting authority</u>

    a. **Plaintiffs**

Plaintiffs, Shirley A. Goode and Sean Goode intend on filing motions *in limine* concern the scope of evidence at trial, preclusion of testimony, motions to exclude hearsay statements including various written reports and statements by non-party witnesses, excluding an statements including hearsay statements relating to the ultimate issue in this case and evidence relating to the reasoning the officers where in the area where Plaintiffs' dog was shot and killed by the Defendant.

    b. **Defendant**

**Defendant Smith** intends to file motions *in limine* concerning the scope of evidence at trial, including the preclusion of testimony. Smith may file additional motions *in limine* prior to trial if deemed appropriate in response to Plaintiffs' motions *in limine* or if newly identified evidence is discovered.

(7) <u>Any requested amendments to pleadings</u>

No amendments to the pleadings are requested at this time.

(8) <u>Any additional matters to aid in the disposition of this action</u>

    a. **Plaintiffs**

Plaintiffs are willing to participate in mediation and/or alternative dispute resolution programs designated for use in this Court.

    b. **Defendant**

        Defendant does not believe that mediation will assist in the resolution of this case.

(9) <u>The probable length of the trial</u>

The parties anticipate that trial will be approximately 5 days.

(10) <u>The names, addresses and telephone numbers of witnesses to be called (expert and others) and whether the testimony of any such witness is intended to be presented by deposition</u>

    a. **Plaintiffs may call the following witnesses:**

        a) Shirley A. Goode 73 Fayston Street, Apt. 6, Dorchester, MA 02121
        b) Sean Goode 73 Fayston Street, Apt. 6, Dorchester, MA 02121
        c) Officer Daniel Smith 1 City Hall Square, Rm 615, Boston, MA 02201
        d) Officer Michael Taylor, City of Boston Law Department, 1 City Hall Square, Rm 615, Boston, MA 02201
        e) Officer Clifford Davis 1 City Hall Square, Rm 615, Boston, MA 02201
        f) Officer Quion Riley 1 City Hall Square, Rm 615, Boston, MA 02201
        g) Officer Earl O. Perkins 1 City Hall Square, Rm 615, Boston, MA 02201
        h) Tanashia Lewis, 79 Fayston Street, Apt. 6, Dorchester, MA 02121
        i) James W. Crosby, M.S., PhD, 1435 Oak Haven Road Jacksonville, FL 32207 (904) 476 – 7655
        j) Officer Patrick J. Browning 1 City Hall Square, Rm 615, Boston, MA 02201

    b. **Defendant may call the following witnesses:**

        a) Daniel Smith, c/o Bridget Davidson or Adam Johnson, City of Boston Law Department, 1 City Hall Square, Rm 615, Boston, MA 02201
        b) Chris Crager, c/o Bridget Davidson or Adam Johnson, City of Boston Law Department, 1 City Hall Square, Rm 615, Boston, MA 02201
        c) Jimmy Giraldo, c/o Bridget Davidson or Adam Johnson, City of Boston Law Department, 1 City Hall Square, Rm 615, Boston, MA 02201
        d) Michael Taylor, c/o Bridget Davidson or Adam Johnson, City of Boston Law Department, 1 City Hall Square, Rm 615, Boston, MA 02201
        e) Clifford Davis, c/o Bridget Davidson or Adam Johnson, City of Boston Law Department, 1 City Hall Square, Rm 615, Boston, MA 02201
        f) Quion Riley, c/o Bridget Davidson or Adam Johnson, City of Boston Law Department, 1 City Hall Square, Rm 615, Boston, MA 02201
        g) Anthony Williams, c/o Bridget Davidson or Adam Johnson, City of Boston Law Department, 1 City Hall Square, Rm 615, Boston, MA 02201
        h) Tanashia Lewis, 79 Fayston Street, Apt. 6, Dorchester, MA 02121

    i) Charles M. DiChiara, c/o Bridget Davidson or Adam Johnson, City of Boston Law Department, 1 City Hall Square, Rm 615, Boston, MA 02201
    j) Keepers of records

(11) <u>Proposed Exhibits</u>

  **a. Plaintiffs proposes the following exhibits:**

   a) Photograph (BS 92-112)
   b) Boston Police Department Firearms Discharge Report (BS 43)
   c) Rule 303 Use of Deadly Force (BS 1002 – 1012)
   d) James W. Crosby's Expert Report
   e) Deposition Transcript of Officer Daniel Smith
   f) Deposition Transcript of Shirley A. Goode
   g) Deposition Transcript of Sean Goode
   h) Deposition Transcript of Tanashia Lewis
   i) Deposition Transcript of James W. Crosby
   j) James W. Crospy's Curriculum Vitae
   k) Certified copy of Shirley A. Goode's medical records
   l) Certified Copy of Shirley A. Goode's medical bills

Plaintiffs will supplement this exhibit closer to trial. Plaintiffs reserves the right to rely up on any additional document or record exchange by the Parties in discovery or any document for impeachment.

  **b. Defendant proposes the following exhibits:**

   a) Photographs of the scene
   b) Videos
   c) Deposition transcripts

Officer Smith will supplement the exhibit list closer to trial. Officer Smith reserves the right to rely upon any additional document or record exchange by the Parties in discovery or any document for impeachment.

(12) <u>The parties' respective positions on any remaining objections to the evidence identified in the pretrial disclosure required by Fed. R. Civ. P. 26(a)(3)</u>

  **a. Plaintiffs**:

There are no known objections to either Plaintiff in respect to the evidence identified in the pretrial disclosures.

    b. **Defendant**:

There are no remaining objections to the evidence identified in the pretrial disclosures, as far as Officer Smith is aware, at this time.

(13)      Scheduling

    The parties propose the following deadlines moving forward:

| | |
|---|---|
| Motions *in Limine* and Jury Instructions | Friday, May 24, 2024 |
| Voir Dire | Monday June 10, 2024 |
| Trial | Monday, June 10, 2024 |

Respectfully submitted:

**Plaintiffs, Shirley A. Goode
and Sean Goode**
By their attorney,

*/s/ Daryl Abbas*

_____
Daryl Abbas, Esq.
(BBO#: 676080)
Upper Charles Law Group, LLC
81 Hartwell Avenue, Suite 101
Lexington, MA 02421
(617) 600 – 7150
dabbas@uclawgroup.com


**DEFENDANT,
DANIEL SMITH**
By his attorneys:

Adam N. Cederbaum
Corporation Counsel

*/s/* Bridget I. Davidson
Bridget I. Davidson (BBO#710244)
Assistant Corporation Counsel
Adam Johnson (BBO# 679142)
Senior Assistant Corporation Counsel
Susan Weise (BBO# 545455)
First Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-3238 (Davidson)
(617) 635-4097 (Johnson)
(617) 635-4040 (Weise)
bridget.davidson@boston.gov
adam.johnson@boston.gov
susan.weise@boston.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2024 this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Bridget I. Davidson*

Bridget I. Davidson