UNITED STATES DISTRICT COURT
**DISTRICT OF MASSACHUSETTS**

**C.A. NO.: 1:21-CV-11457-GAO**

**SHIRLEY GOODE and SEAN GOODE,**

**PLAINTIFFS,**

**v.**

**DANIEL SMITH and CITY OF BOSTON,**

**DEFENDANTS**

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE, OR LIMIT, TESTIMONY OF DR. JAMES CROSBY**

NOW COME Shirley Goode and Sean Goode, the Plaintiffs in the above-entitled action (*hereinafter*, collectively "Plaintiffs"), and respectfully submit their Opposition to the "Motion *in Limine* to Exclude, or Limit, Testimony of Dr. James Crosby" (*hereinafter*, "Defendant's MIL") filed by Defendant, Daniel Smith.

**DEFENDANTS' DEPOSITION OF DR. CROSBY**

Defendants conducted the deposition of Plaintiffs' expert witness, Dr. James Crosby, over the course of nearly five (5) hours on June 23, 2023. During the course of the deposition, Defendants learned that Dr. Crosby is a retired lieutenant from the Jacksonville, Florida sheriff's office[1]. *See* Deposition Transcript of Dr. James Crosby, attached hereto as Exhibit 1, at p. 5, ll. 20-24. Defendants learned that Dr. Crosby has been qualified as an expert witness in many federal and state court cases in cases involving "canine aggression, canine bites, the behavior of

[1] The City of Jacksonville has a joint sheriff's office and police department. *See* id.

dogs, use of force by police regarding dogs[2], and other . . . use of [] nonlethal methods" in such cases. *See* id. at pp. 8-9, ll. 18-24, 1-4. Defendants also learned that Dr. Crosby performs consulting and investigations on police use of force upon dogs, and that he is the author of the curriculum utilized by the United States Department of Justice in courses concerning law enforcement dog encounters. *See* id. at p. 6, ll. 4-8. In describing his educational experience, Dr. Crosby informed Defendants that he holds a Master of Science and a Doctoral (Ph.D.) degree from the College of Veterinary Medicine at the University of Florida in veterinary forensics and veterinary medical science. *See* Exhibit 1, at p. 12, ll. 10-19. Dr. Crosby also informed Defendants that he has conducted training for several hundred police officers over the years concerning the police use of force. *See* id. at pp. 22-23, ll. 22-24, 1-21.

## LEGAL ARGUMENT

Plaintiffs' proposed use of their expert witness, Dr. James Crosby, has fully satisfied the requirements of Fed.R.Civ.P. 26(a)(2)(B) in all respects. First, Dr. Crosby signed a written report, which was tendered to Defendants. Second, Dr. Crosby listed all materials, including deposition transcripts, discovery responses, photographs, scientific literature and the Boston Police Department Use of Force Manual, in arriving at the conclusions in his written report. Third, Dr. Crosby has submitted for an expert witness deposition, where he has explained further all facts or data considered in arriving at his conclusions, all of his qualifications and publications, the number and location of other cases in which he has served as an expert witness, and the compensation he has been and will be paid for his expert testimony.

District Courts are charged with ensuring that "an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Daubert v. Merrell Dow Pharm., Inc., 509

[2] Dr. Crosby estimates that he has been qualified as an expert witness in "maybe a dozen" use of force cases involving dogs. *See* Exhibit 1, at p. 10, ll. 13-19.

U.S. 579, 597 (1993). Testimony is generally considered to be reliable if it is "based on sufficient facts or data," was "the product of reliable principles and methods," and the District Court determines that the expert applied the reliable principles and methods appropriately to the facts of the case. *See* Fed.R.Evid. 702. The facts of a particular case will dictate what is required for a determination of reliability. *See* Milward v. Acuity Specialty Prods. Group, Inc., 639 F.3d 11, 14-15 (1st Cir. 2011).

**A. DR. CROSBY'S OPINIONS ARE ENTIRELY RELIABLE**

The opinions offered by Dr. Crosby are entirely reliable and will assist the trier of fact in understanding several key issues. Dr. Crosby's expert testimony is expected to provide expert testimony as to three key issues: (i) how Chyna's outward appearance and demeanor should have been interpreted by Defendant Smith; (ii) how O.C. (pepper) spray would have been an extremely effective and less deadly method of altering what Defendant Smith wrongfully perceived as aggressive behavior, and (iii) how Defendant Smith's shooting of Chyna on a busy street on the 4th of July, 2018 violated the Boston Police Department Use of Force Policy. While Defendants, in their effort to cripple Plaintiffs' case by excluding or limiting Dr. Crosby's testimony, appear to hold Dr. Crosby to an exacting scientific standard, no peer review or publications are necessary for Dr. Crosby to assist the trier of fact as to the aforementioned key issues. Furthermore, Dr. Crosby has listed all of the evidence and sworn testimony he relied upon in forming his opinions. Finally, Dr. Crosby's opinions are reliable because they are based on his many years of experience as a law enforcement officer, his Masters and Doctoral Degrees in veterinary science and forensics, his lecturing and teaching several hundreds of police offices on appropriate use of force as to dogs, and his significant experience serving as an expert witness in many jurisdictions around the country.

**B. DR. CROSBY IS AN EXPERT IN DOG BEHAVIOR AND USE OF FORCE**

An expert witness is someone whose specialized training or experience is permitted to provide an opinion that may assist the trier of fact. *See*, *e.g.*, Fed.R.Civ.P. 702.

Defendant rightfully concedes that Dr. Crosby is an expert in dog behavior. However, it is baffling that Defendants chose to challenge his expertise as to use of force. In fact, Defendants are aware that Dr. Crosby was a lieutenant in the City of Jacksonville, Florida sheriff's department for twenty-two (22) years. *See* Exhibit 1, at p. 22, ll. 7-21. The specialized training and experience Dr. Crosby earned in twenty-two (22) years in law enforcement, alone, is more than sufficient for Dr. Crosby to qualify as an expert in use of force. Moreover, Defendants are aware that Dr. Crosby has authored materials used by the United States Department of Justice concerning use of force as to dogs, that he has conducted trainings around the country concerning use of force as to dogs and has qualified as an expert witness in use of force cases in "maybe a dozen" trials. *See* id. at p. 10, ll. 13-19, p. 18, ll. 13-19, p. 19, ll. 11-22, pp. 22-23, ll. 22-24, 1-18. In short, Dr. Crosby is a well-qualified expert in both dog behavior and the use of force by law enforcement officers.

**C. Dr. Crosby's Opinion Relies on Facts and Admissible Evidence**

In his written report, Dr. Crosby lists the documents and evidence he relied on in forming his opinion. In particular, Dr. Crosby lists the deposition transcripts of all key witnesses, photographs of the scene of the shooting, evidence produced in discovery as well as discovery responses, and a manual, the National Institute of Justice Evaluation of Pepper Spray (1997).

In Topic 4, Dr. Crosby relies on his twenty-two (22) years of experience working in law enforcement to conclude that had Defendant Smith disclosed that he was carrying O.C. spray to the FDIT investigator, his use of force would not have been found to be justified. Dr. Crosby

arrived at this conclusion because every law enforcement officer endures rigorous training in every police academy to include all material facts in every report they write, and the FDIT investigator made no mention of Defendant's Smith having confirmed that he was carrying O.C. spray. Based on this glaring omission, Dr. Crosby arrived at the reasonable conclusion that Defendant Smith did not include this fact in his use of force report. Courts in Massachusetts have long held that it is perfectly permissible for experts to make "reasonable assumptions that are consistent with the evidence available to them." Packgen v. Berry Plastics Corp., 847 F.3d 80, 88 (1st Cir. 2017) quoting Cummings v. Standard Register Co., 265 F.3d 56, 65 (2001). That Defendant Smith intentionally omitted the fact that he was carrying O.C. spray on the evening of July 4, 2018 is a reasonable assumption of Dr. Crosby's.

In Topics 6, 10, and 11 Dr. Crosby relies on deposition testimony of the several percipient witnesses, as well as his extensive experience working in law enforcement as well as his Masters and Doctoral Degrees to arrive at his conclusions. In short, Dr. Crosby relies on facts, evidence, his skill and his training to arrive at his conclusions in Topics 6, 10, and 11. For this reason, he should be permitted to testify as to Topics 6, 10 and 11, and counsel for the Defendants will be given ample opportunity to cross-examine him to elicit any inconsistencies.

For all of the foregoing reasons, Plaintiffs respectfully request that this Honorable Court DENY Defendants' MIL.

Respectfully submitted,
Plaintiffs, by their attorney,

Dated: June 14, 2024

/s/ *Daryl Abbas*
Daryl Abbas, Esq. (BBO#: 676080)
Timothy F. Fallon, Esq. (BBO#: 674939)
Upper Charles Law Group, LLC
81 Hartwell Avenue, Suite 101
Lexington, MA 02421
(P): (617) 600.7150
(F): (781) 444.2461
dabbas@uclawgroup.com
tfallon@uclawgroup.com

**CERTIFICATE OF SERVICE**

I, Daryl Abbas, Esq., as counsel for the Plaintiffs, do hereby certify that on this the 14th day of June, 2024, a true copy of the instant document will be served upon all parties of record through this court's electronic filing system and to those non-registered participants via email.

Dated: June 14, 2024

/s/ *Daryl Abbas*, Esq.
Daryl Abbas, Esq.