# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

C.A. NO.: **1:21-CV-11457-GAO**

**SHIRLEY GOODE and SEAN GOODE,**

PLAINTIFFS,

v.

**DANIEL SMITH and CITY OF BOSTON,**

DEFENDANTS

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE PHOTOGRAPHS AND PRECLUDE TESTIMONY RELATING TO THE BODY AFTER THE SHOOTING

NOW COME Shirley Goode and Sean Goode, the Plaintiffs in the above-entitled action (*hereinafter*, collectively "Plaintiffs"), and respectfully submit their Opposition to the Motion *in Limine* to Exclude Photographs and Preclude Testimony Relating to the Body After the Shooting.

### Relevant Facts

On the night of July 4, 2018, the Defendant, Officer Daniel Smith, discharged his department issued firearm (Glock 22 / 40 caliber), shot Plaintiffs' dog ("Chyna" three times resulting in the dog's death.

Following the shooting, police officers assigned to the BPD Firearms Discharge Investigation Team (FDIT) took photographs of the scene including photographs of Chyna laying in the street before and after being covered by a blanket.

1

Defendant testified that Chyna was charging straight at him and shot and killed Chyna. The Plaintiff, Shirley Goode and a third-party witness, Tanasia Lewis testified during their depositions that at the time the Defendant shot Chyna, Chyna was standing in place and not charging the Defendant.

Furthermore, Shirley Goode testified during her deposition that after the Defendant fired the first shot, Chyna fell to the ground and the Defendant stood over Chyna and continued to shoot Chyna in the side,

The photographs (D94-112) show that Chyna only has two entry wounds, and both of the entry wounds demonstrate that the Defendant shot Chyna in the left side and therefore Chyna would not been charging at the Defendant when he shot her.

## Applicable Law

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. However, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Even so, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## Argument

The photographs have probative value for several seasons. The photographs reveal the location Chyna was shot and killed which is critical to corroborating the testimony of several witnesses

The photographs are essential for Plaintiffs to meet their burden of proof because the Defendant claims he shot Chyna because she was charging straight at him. Shirley Goode and Tanisha Lewis testified that Chyna was not charging at the Defendant and was standing in place when he shot Chyna. Shirley Goode went on to testify that the Defendant shot Chyna in left side after fell over after the initial shot. Therefore, the photographs are essential to corroborate Shirley Goode and Tanisha Lewis's testimony and discredit the Defendant's testimony because the photographs corroborate that Chyna was not charging straight at the Defendant when he shot her. See U.S. v. De Parias, C.A.11 (Fla.) 1986, 805 F.2d 1447, certiorari denied 107 S.Ct. 3189, 482 U.S. 916, 96 L.Ed.2d 678 (Photographs of murder victim's badly decomposed body were admissible to identify victim, means of death, and to corroborate testimony of witness whose credibility was central to Government's case, though coroner also testified as to cause of death.)

Without the jury being able to consider the photographs, the jury would have to weigh the Defendant's testimony against Shirley Goode and Tanisha Lewis's testimony. Since the facts and circumstances are critical for establishing liability and determining the reasonableness of the Defendant's conduct, the probative value of the photographs outweigh any prejudice.

For all of the foregoing reasons, Plaintiffs respectfully request that this Honorable Court DENY Daniel Smith's Motion *in limine* to Exclude Photographs and Preclude Testimony Relating to the Body After the Shooting.

Respectfully submitted,
Plaintiffs, by their attorney,

Dated: June 14, 2024

/s/ *Daryl Abbas*
Daryl Abbas, Esq. (BBO#: 676080)
Timothy F. Fallon, Esq. (BBO#: 674939)
Upper Charles Law Group, LLC

81 Hartwell Avenue, Suite 101
Lexington, MA 02421
(P):	(617) 600.7150
(F):	(781) 444.2461
dabbas@uclawgroup.com
tfallon@uclawgroup.com

## CERTIFICATE OF SERVICE

  I, Daryl Abbas, Esq., as counsel for the Plaintiffs, do hereby certify that on this the 14th day of June 2024, a true copy of the instant document will be served upon all parties of record through this court's electronic filing system and to those non-registered participants via email.

Dated: June 14, 2024         /s/ *Daryl Abbas*, Esq.
                 Daryl Abbas, Esq.