UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                            )
SHIRLEY A. GOODE and SEAN GOODE,  )
                                                            )
                        Plaintiffs,                 )
                                                            )
v.                                                        ) C.A. No.1:21-CV-11457-DJC
                                                            )
DANIEL SMITH and CITY OF BOSTON )
                                                            )
                        Defendants.              )
_____ )

**DEFENDANT OFFICER DANIEL SMITH'S RENEWED
MOTION FOR DIRECTED VERDICT AT THE END OF THE EVIDENCE**

Defendant, Officer Daniel Smith ("Officer Smith" or "Smith) respectfully moves this Honorable Court pursuant to Fed. R. Civ. P. 50(a) for judgement as a matter of law in his favor as to the claims against him. At the end of the Plaintiffs' case, the Court acknowledged and reserved the Defendant's right for a Rule 50 motion until the end of the Defendant's case. On June 26, 2024, at the end of the evidence, before closing arguments, the Court acknowledged and reserved the Defendant's rights for a renewed motion for directed verdict. Officer Smith is now filing this motion to preserve his rights with the Court. As grounds for this motion Smith states the following.

**I.     RULE 50(a) STANDARD.**

Pursuant to Rule 50(a), if "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may … (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed. R. Civ. P. 50(a)(1). "A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2). In considering a Rule 50 motion, "all of the evidence and reasonable

1

inferences drawn from the evidence are considered in the light most favorable to the non-moving party." Malone v. Lockheed Martin Corp., 610 F.3d 16, 20 (1st Cir. 2010). "However, and crucially in this case, the plaintiff is not entitled to inferences based on speculation and conjecture." Id.

## II. THERE IS NO EVIDENCE THAT OFFICER SMITH VIOLATED THE PLAINTIFFS FOURTH AMENDMENT RIGHTS.

"A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." United States v. Jacobsen, 466 U.S. 109, 113 (1984). A claim for a Fourth Amendment violation requires allegations of an *unreasonable* seizure. As in any Fourth Amendment case, [w]e analyze [the] question [of whether a pet constitutes an imminent threat] from the perspective 'of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." (internal quotes omitted) Robinson v. Pezzat, 818 F.3d 1, 8 (D.C. Cir. 2016) (quoting Plumhoff v. Rickard, 572 U.S. 765 (2014) (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)). To determine whether such a seizure of a dog is reasonable, the "court must 'balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interest alleged to justify the intrusion' and determine whether 'the totality of the circumstances justified [the] particular sort of ... seizure.'" Carroll v. County of Monroe, 712 F.3d 649, 651 (2nd Cir. 2013) (quoting Tennessee v. Garner, 471 U.S. 1, 8–9 (1985) (internal quotation marks omitted)). Plaintiffs bear the burden of proving that the seizure was unreasonable. West v. Atkins, 487 U.S. 42, 48 (1988). A seizure becomes unlawful when it is more intrusive than necessary. Florida v. Royer, 460 U.S. 491, 504 (1983). Brown, 844 F.3d at 568.

Plaintiffs have failed to prove by perepnderence of the evidence that Officer Smith's actions were unreasonable under the circumstances. During the course of this trial, Plaintiffs have presented evidence that their pet pit bull was running directly toward Officer Smith on a public

street. Officer Smith, along with other officers, also testified that the dog was moving aggressively directly toward Officer Smith. Thus, there was no evidence that Officer Smith's actions were unreasonable.

At a minimum, Officer Smith is entitled to qualified immunity. An officer is entitled to qualified immunity when "(1) [the "Government officials performing discretionary functions generally are granted a qualified immunity and are 'shielded from liability for civil damages in so far as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Layne, 526 U.S. 603, 609 (1999) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)); see also Kelley v. LaForce, 288 F.3d 1, 6 (1st Cir. 2002) (qualified immunity available as defense to § 1983 civil liability claims). To determine whether an official violated clearly established rights, of which a reasonable person would have known, the First Circuit follows "a two-prong analysis for determining whether defendants are entitled to qualified immunity, asking '(1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right; and (2) if so, whether the right was 'clearly established' at the time of the defendant's alleged violation.'" Diaz-Bigio v. Santini, 652 F.3d 45, 50 (1st Cir. 2011) (quoting Pearson, 555 U.S. 223 at 231). "The second prong, in turn, has two parts: (a) whether the legal contours of the right in question were sufficiently clear that a reasonable official would have understood that what he was doing violated that right, and (b) whether the particular factual violation in question would have been clear to a reasonable official." Id. (Citing Decotiis v. Whittemore, 635 F.3d 22, 36 (1st Cir.2011). The "clearly established right must be defined with specificity." City of Escondido, Cal. v. Emmons, 139 S. Ct. 500, 503 (2019). Officer Smith should be entitled to qualified immunity because it was not clearly established at the time of the incident in this case that he could not use his firearm to stop

the threat of the Plaintiffs' pit bull charging at him. Officer Smith testified that he did not have animal encounter training and that he was not trained to pepper spray any animals, specifically dogs. The only training Officer Smith received regarding pepper spray was the effects on humans.

### III.   PLAINTIFFS HAVE FAILED TO PROVE THAT OFFICER SMITH INTENTIONALLY CAUSED THEIR EMOTIONAL DISTRESS.

To prove intentional infliction of emotional distress, each Plaintiff must show: "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community; (3) that the actions of the defendant were the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. " McDonald v. City of Bos., 334 F. Supp. 3d 429, 441 (D. Mass. 2018) (citing Howell v. Enter. Publ'g Co., LLC, 455 Mass. 641, 672 (2010) quoting Agis v. Howard Johnson Co., 371 Mass. 140, 144-45, (1976)). Here, no reasonable jury could determine that Plaintiffs suffered intentional infliction of emotional distress from Officer Smith. Not only were Smith's actions not extreme or outrageous, but both Plaintiffs cannot prove by preponderance of the evidence that Smith intended to cause them emotional distress.  Mr. Goode testified that he was not there when the incident occurred, but rather at work. Ms. Goode also testified that she had already suffered from mental illness before the incident in this case. Officer Smith also testified that he did not know that any owner of the dog was around when he shot the dog. Further, Officer Smith testified that he did not intend to kill the Plaintiffs' dog, but his intent was to stop the threat. Thus, Officer Smith did not intend to cause emotional distress to either Plaintiff.

### IV. PLAINTIFFS FAILED TO PROVE THAT OFFICER SMITH KILLED THEIR DOG WITH WRONGFUL INTENT.

Massachusetts General Law c. 272 §85A states: "[w]hoever with wrongful intent kills, maims, entices or carries away a dog or other domesticated animal or bird shall be liable in tort to its owner for three times its value." Chapter 272 § 85A of the Massachusetts Criminal Statutes establishes that wrongful intent should be viewed in the criminal context, especially given that "wrongful intent" is a criminal phrase. The phrase should then be understood in the criminal context, where "intentional wrong" can be defined as "a wrong in which the mens rea amounts to intention, purpose, or design. (citing to Intentional Wrong, Black's Law Dictionary (11th ed. 2019). Plaintiffs have failed to prove by preponderance of the evidence that Officer Smith wrongfully intended to take their pet pit bull away from them. There has been no evidence of wrongful or malicious intent on behalf of Officer Smith. Plaintiff, Mr. Goode offered evidence that his past relationship with the Boston Police Department was the reason that Officer Smith intended to shoot his dog. A reasonable jury could not determine that Smith wrongfully intended to kill the Plaintiffs' pit bull based on Mr. Goode's negative feelings or relationship with the Boston Police Department. The Boston Police Department is also not a party to this case. Further, Officer Smith testified that he did not intend to kill the pit bull, but that he was intending to stop the threat. The evidence did not show that Smith had wrongful intent to kill the Plaintiffs' pit bull.

### V. CONCLUSION.

WHEREFORE, defendant Officer Smith respectfully requests that this Honorable Court grant their renewed motion for judgment as a matter of law at the end of the evidence and before closings, enter judgment of dismissal on the remaining claims, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**DEFENDANT,
DANIEL SMITH**

By his attorneys:

Adam N. Cederbaum
Corporation Counsel

*/s/ Bridget I. Davidson*
Bridget I. Davidson (BBO#710244)
Assistant Corporation Counsel
Adam Johnson (BBO# 679142)
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-3238 (Davidson)
(617) 635-4097 (Johnson)
bridget.davidson@boston.gov
adam.johnson@boston.gov

**CERTIFICATE OF SERVICE**

    I, Bridget I. Davidson, hereby certify that on July 1, 2024 a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

*/s/ Bridget I. Davidson*
Bridget I. Davidson